IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11cv520-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff, Sharon Blair, applied for disability insurance benefits under Title II of

the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*.  Her application was denied

at the initial administrative level.  Plaintiff then requested and received a hearing before

an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision

in which he found Plaintiff not disabled at any time through the date of his decision.  Tr.

33.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. Tr.

1-6.  The ALJ's decision consequently became the final decision of the Commissioner of

Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L.
No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with
respect to Social Security matters were transferred to the Commissioner of Social Security.

to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #7); Def.'s Consent to Jurisdiction (Doc. #6).  Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.      STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

In order to perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-nine years old at the time of the hearing before the ALJ.  Tr. 40.

Plaintiff obtained a GED.  Tr. 40, 139.  Plaintiff's past relevant work experience was as a

retail salesperson, housekeeper, and veterinary technician. Tr. 52-53.   Following the

administrative hearing, and employing the five-step process, the ALJ found Plaintiff had

"not engaged in substantial gainful activity since December 10, 2007, the alleged onset

date." (Step 1) Tr. 18.  At Step 2, the ALJ found that Plaintiff suffers from the following

severe impairments:

> minimal degenerative disc disease of the cervical spine, major depression
> disorder, osteoarthritis of the knees and right hip, and is status post right
> shoulder rotator cuff repair (20 CFR 404.1520(c)).  The claimant's history
> of asthma, chest pain (noncardiac), mitral valve prolapse syndrome, non
> obstructive coronary artery disease, and history of gastroesophageal reflux
> disease and irritable bowel syndrome are non severe impairments as they
> are not shown by the medical evidence to have severe limitations to the
> claimant's ability to perform work activity.

*Id.*  The ALJ then found that "[Plaintiff] does not have an impairment or combination of

impairments that meets or medically equals one of the listed impairments." (Step 3) Tr.

19.  Next, the ALJ found that Plaintiff:

> has the residual functional capacity to perform nearly a full range of light
> work . . . in that the claimant can sit for a total of 6 hours out of 8 hours,
> and for 1 hour without interruption; stand and/or walk for a total of from 4
> to 6 hours out of 8 hours, and stand and/or walk a total of 30 minutes
> without interruption; lift, carry, push and pull frequently up to 10 pounds,
> and occasionally up to 20 pounds; frequently perform simple grasping and
> fine manipulation with the right and left hand; occasionally use her right
> foot, left foot, and both feet for repetitive movements such as operating foot
> controls or pushing or pulling; occasionally bend, stoop, crawl, climb,
> crouch, kneel, balance; never climb ladders, ropes or scaffolds, be exposed

to unprotected heights, or be around moving and hazardous machinery, or do driving of commercial motorized vehicles; never be exposed to concentrated or excessive amounts of dust, odors, fumes, or extremes in temperature and humidity; the claimant can only occasionally use the right upper extremity for reaching above shoulder level.    The claimant occasionally has mild to moderate pain, which occasionally interferes with her concentration, persistence and pace in a work setting, but which does not prevent the performance of work.    Additionally, the claimant is limited to simple, unskilled, repetitive and routine work of a low stress nature, to jobs that require little independent judgment and which have only routine changes, with no multiple or rapid changes.    She should be able to remember/understand and carry out simple instructions.    Her contact with the public should remain casual and criticism should be nonconfrontational. Changes in work settings should be introduced gradually.

Tr. 21.    The ALJ then found that Plaintiff is unable to perform her past relevant work.

(Step 4) Tr. 31.    At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with a VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."    Tr. 32.    The ALJ identified the following occupations as examples:    "ticket seller," "mail clerk," and "sales attendant/greeter."    Tr. 32. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from December 10, 2007 through the date of [the] decision."    Tr. 33.

## IV.    PLAINTIFF'S CLAIMS

Plaintiff presents one main challenge for this court's consideration in review of the ALJ's decision:    whether the ALJ erred at Step 5 of the sequential process in finding that she could perform a number of jobs in the national economy.    In support, Plaintiff raises three separate issues:    1) the ALJ's RFC assessment does not match the hypothetical

posed to the VE and thus, "the [VE's] testimony does not constitute substantial evidence"; 2) the demands of the "ticket seller" job exceed the limitations in the ALJ's RFC finding; and 3) the demands of the jobs identified at Step 5 exceed Plaintiff's mental RFC.  Pl.'s Br. (Doc. #14) at 1-2.  Because the court finds that remand is necessary on the first issue, the court declines to address the other issues raised by Plaintiff.

## V.   DISCUSSION

Plaintiff challenges the ALJ's Step Five finding that Plaintiff is capable of performing work that exists in significant numbers in the national economy.  Plaintiff argues:

> [t]he ALJ's RFC assessment limited Ms. Blair to occasional use of her right upper extremity to reach above shoulder level.  The hypothetical never mentions the function of reaching.  The hypothetical's only reference to the right upper extremity is in limiting lifting above the height of shoulder level to an occasional basis. . . .  Reaching is distinct from lifting.  The ALJ's RFC assessment plainly places limits on both the type and frequency of reaching.  The hypothetical placed no limits on reaching.  It follows that the ALJ's RFC assessment is more limiting in functional ability than the hypothetical.

Pl.'s Br. (Doc. #14) at 10 (footnotes omitted).  Essentially, Plaintiff argues that the ALJ could not rely upon the VE's testimony because the ALJ failed to include all of Plaintiff's RFC restrictions in the hypothetical he posed to the VE.  Pl.'s Br. (Doc. #14) at 11; Pl.'s Reply (Doc. #19) at 1.

In response, Defendant argues "there is no evidence that a restriction to no more than occasional over the shoulder reaching with the right arm would preclude the

reaching required by the cited jobs, so as to show even a potential conflict between the vocational expert's testimony and the *DOT*, much less an actual conflict."  Def.'s Br. (Doc. #15) at 6-7.  Plaintiff's Reply asserts that "the Commissioner did not respond to [her] argument [as to this issue]."  Pl.'s Reply (Doc. #19) at 1.  Indeed, while Defendant addresses whether there was a conflict between the VE's testimony and the DOT, Defendant fails to address whether the ALJ's hypothetical to the VE included all of Plaintiff's limitations.

Because the ALJ found that Plaintiff is unable to perform her past relevant work (Step 4), the burden shifted to the Commissioner "to show the existence of other jobs in the national economy which, given [Plaintiff's] impairments, [Plaintiff] can perform." *Jones v. Apfel,* 190 F.3d 1224, 1228-29 (11th Cir. 1999).  In reaching this determination, the ALJ may either apply the Medical Vocational Guidelines or obtain testimony from a VE.  *Phillips*, 357 F.3d at 1239-40.  "In order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam); *Jones,* 190 F.3d at 1229.

Here, the ALJ's hypothetical asked the VE to assume that "Plaintiff could only occasionally use her right shoulder to lift anything above shoulder level, right arm shoulder."  Tr. 54.  However, the ALJ's RFC assessment includes a limitation that Plaintiff "can only occasionally use the right upper extremity for reaching above the

shoulder level." Tr. 21. Plaintiff argues that, as a result, "[t]here is no match between the ALJ's [RFC] assessment and the hypothetical to the [VE]" and points out that "[r]eaching is distinct from lifting." Pl.'s Br. (Doc. #14) at 9-10. The court agrees that reaching and lifting are distinct limitations as lifting is an exertional limitation while reaching is considered nonexertional.[5]

Because the VE testified based on an incomplete hypothetical that failed to properly incorporate all of Plaintiff's limitations as found in the ALJ's RFC, the ALJ could not have relied on the VE's testimony in reaching his Step Five determination as the VE's testimony was not supported by substantial evidence. *See, e.g., Dial v. Comm'r of Soc. Sec.*, 403 F. App'x 420, (11th Cir. 2010) (finding "it is undisputed that the ALJ failed to include all of Dial's employment limitations in the hypothetical questions posed to the VE. Thus, the VE's testimony did not constitute substantial evidence upon which the ALJ could rely." (citing *Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir. 1999) and *Pendley v. Heckler,* 767 F.2d 1561, 1562-63 (11th Cir. 1985)); *Baines v. Astrue*, 781 F. Supp. 2d 228, 238 (D. Del. 2011) (holding that the ALJ's hypothetical question to the VE failed to properly reflect claimant's limitations, where ALJ's RFC found that claimant

---

[5] ***Exertional limitations*** are defined as those restrictions affecting a person's ability to meet what the Social Security Administration considers the seven strength demands of a job: sitting, standing, walking, ***lifting***, carrying, pushing, and pulling. Social Security Ruling 96-9P, 1996 WL 374185 at *5 (July 2, 1996). ***Nonexertional limitations***, on the other hand, relate to limitations that affect capacities such as mental abilities, vision, hearing, speech, climbing, balancing, stooping, kneeling, crouching, crawling, ***reaching***, handling, fingering, and feeling. Environmental restrictions are also considered to be nonexertional. *Id.*

could do only "occasional pushing, pulling, reaching, handling, fingering, and feeling maneuvers with her left upper extremity," but the hypothetical to the VE only stated that claimant had to "avoid overhead reaching," and ALJ told VE to generally look for jobs that "can be performed with one arm with minimal assist from the other.").

Defendant's argument that the error in the hypothetical question is cured by the absence of any conflict between the VE's testimony and the DOT is without support. Defendant's reliance on *Segovia v. Astrue*, 226 F. App'x 801 (10th Cir. 2007), is misplaced. The court there specifically found that there was no conflict between the VE's testimony and the DOT because "[t]he VE was aware of Ms. Segovia's limitations on overhead reaching, and he testified both that she could perform the jobs he identified and that his opinion of the jobs open to her was consistent with the *DOT's* specifications." *Id*. at 804. In the present case, Dr. Anderson opined, just prior to the VE's testimony, that Plaintiff is limited to the "overhead use of the right upper extremities [] only occasionally." Tr. 53. There was no specification in his testimony as to whether these were reaching or lifting limitations. Then the ALJ, when posing the hypothetical, specified lifting with the right shoulder to above shoulder lever. Tr. 54. Thus, the information before the VE regarding what type of limitations Plaintiff might suffer were specifically related to lifting, not reaching. Reviewing the ALJ's reliance on the VE's answer to an incomplete hypothetical leaves this court speculating as to whether

mail clerks and sales attendants[6] engage in frequent overhead reaching with either a dominant or non-dominant arm, or even both arms, something within the purview of the DOT descriptions for those positions.  This type of speculation is avoided when the ALJ relies on the testimony of a VE who has answered a complete hypothetical.

Based on the foregoing, the court finds that this case is due to be remanded on the basis that the VE's testimony did not comprise substantial evidence, as it did not incorporate all of Plaintiff's limitations.  *Wilson*, 284 F.3d at 1227.  On remand, the ALJ should reevaluate the Step Five determination, ensuring that all of Plaintiff's limitations are accurately incorporated in the hypothetical to the VE.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for proceedings consistent with this decision. A separate judgment will issue.

Done this 20th day of July, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[6] Defendant "concedes that the constant handling and fingering requirements [of the job of ticket seller (211.467-030)] exceeds Plaintiff's residual functional capacity." Def.'s Br. (Doc. #15) at 8.